UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Brandon A. McCullough<br><br>                            Plaintiff,<br><br><br><br>     -v.-<br><br>General Revenue Corporation<br><br>                           Defendant. | Civil Action No: _____<br><br>**COMPLAINT** |

Plaintiff Brandon A. McCullough ("Plaintiff" or "McCullough") by and through his attorneys, RC Law Group, PLLC, as and for its Complaint against Defendant General Revenue Corporation ("Defendant" or "GRC") respectfully sets forth, complains and alleges, upon information and belief, the following:

### INTRODUCTION/PRELIMINARY STATEMENT

1.    Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of section 1692 et. seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

### PARTIES

2.    Plaintiff is a resident of the State of New York, County of Kings, residing at 2016 Regent Place, Apt. 3H, Brooklyn, NY 11226.

3. Defendant is a debt collector with an address at 4660 Duke Drive, Suite 300, Mason, OH 45040.

4. General Revenue Corporation is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

7. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

8. On information and belief, on a date better known to Defendant, Defendant began collection activities on an alleged consumer debt from the Plaintiff ("Alleged Debt").

9. This debt was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

### *Violation I – June 28, 2016 Collection Letter*

10. On or around June 28, 2016 the Plaintiff received a collection letter from the Defendant.

11. The top of letter plainly states "Current Amount Due: $1110.75".

12. In its holding in *Avila v Riexinger & Assocs.*, LLC 817 F.3d 72. 74 (2d Cir 2016) the Second Circuit stated "We hold that Section 1692e of the FDCPA requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees. Because plaintiffs allege that defendants failed to disclose that information here, they have stated a claim under the FDCPA."

13. Per *Avila*, Defendant was required to include a disclosure that interest was accruing, or in the alternative, the creditor/and or Defendant has made the decision to waive the accruing interest.

14. Defendant's June 28, 2016 letter fails to include the appropriate safe harbor language set out by the Second Circuit.

15. A consumer could read Defendant's notice and easily be misled into believing that it could pay the debt in full at any time by paying the "Current Amount Due: $1110.75" as listed on the notice.

16. However, since contractual or statutory interest is automatically accruing, as well as undisclosed fees, a consumer who pays the "Current Amount Due: $1110.75" will be unaware as to whether or not the debt has been paid in full.

17. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

18. Additionally the Plaintiff is a resident of New York state and in order to collect a debt in New York state a collection agency must include the following information: (1) the name of the original creditor; and (2) an itemized accounting of the charged-off debt,

including the amount owed as of charge-off, total amount paid on the debt since the charge-off and the total post charge-off interest, charges and fees.

19. Defendant's June 28, 2016 letter failed to contain this information in violation of the requirements of New York State Department of Financial Services 23 NYCRR 1.2.

20. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## FIRST CAUSE OF ACTION
**(Violations of the FDCPA)**

21. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

22. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violate various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692g, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1).

23. As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Brandon A. McCullough demands judgment from the Defendant General Revenue Corporation, as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)1;

b) For statutory damages provided and pursuant to 15 U.S.C. § 1692k(2)(A);

c) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

d) A declaration that the Defendant's practices violated the FDCPA; and

e) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: Hackensack, New Jersey
June 28, 2017

/s/ Daniel Kohn
**RC Law Group, PLLC**
By: Daniel Kohn
285 Passaic Street
Hackensack, NJ 07601
Phone: (201) 282-6500
Fax: (201) 282-6501